IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DONALD ARTHUR, | ) | |
| | ) | |
| Plaintiff | ) | Cause No.: 1:14-CV-1408 |
| | ) | |
| vs. | ) | |
| | ) | |
| TUBE PROCESSING CORP. | ) | |
| a/k/a AEROFAB, | ) | |
| | ) | |
| Defendant | ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, by counsel, and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Donald Arthur, is a resident of Morgan County in the State of Indiana and a former employee of Defendant.

2. Defendant, Tube Processing Corp., is an employer as defined by 42 U.S.C. § 2000e(b) and conducts business in the State of Indiana.

3. Mr. Arthur filed a Charge of Discrimination with the Equal Employment Opportunity Commission on January 7, 2014 alleging, *inter alia*, that Defendant had violated Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.

5. The Equal Employment Opportunity Commission issued to Plaintiff its right to sue letter dated August 1, 2014.

5. Mr. Arthur invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Mr. Arthur was employed by Defendant as a tool and gage technician for thirty-two (32) years.

8. On or about June 20, 2013, Plaintiff suffered on-the-job injuries to his neck, shoulder and knee when he tripped over cables that were lying on Defendant's shop floor.

9. The Defendant insisted that Plaintiff treat with its nurse practitioner rather than report to the medical clinic to be examined by a doctor.

10. Following the accident, the Defendant isolated the Plaintiff from his coworkers, placed a camera on him, instructed his coworkers not to speak to him, and assigned him mundane tasks such as counting rivets which were typically counted with the use of a scale.

11. The Plaintiff continued to work in extreme pain for the next several months.

12. On or about July 8, 2013, the Defendant notified Plaintiff that his accident was a workers' compensation matter referred him to doctors for treatment.

13. Plaintiff was examined and diagnosed with a torn meniscus and ordered to undergo physical therapy.

14. In late August, Mr. Arthur hired a workers' compensation attorney to assist with his claim.

15. On September 16, 2012, Plaintiff informed Defendant's human resource representative that he needed to get up from his seat every ninety (90) minutes and walk for a brief period of time as an accommodation for his disability and/or serious medical condition.

16. The Defendant, through its human resource representative, questioned Mr. Arthur about his need for a reasonable accommodation, spoke to him in a *mocking tone*, and told him he would be required to attend anger management counseling for getting upset with her.

17. On or about September 30, 2013, Mr. Arthur attended a doctor's appointment to be treated for his injuries and afterwards he returned home to find a termination letter in the mail.

**COUNT I**

18. Plaintiff incorporates by reference paragraphs 1 through 17 above.

19. Plaintiff suffered from a serious medical condition/disability.

20. Plaintiff was able to perform the essential elements of his job with reasonable accommodation.

21. Plaintiff requested a reasonable accommodation and the Defendant refused to provide it.

22. The Defendant terminated Plaintiff and its decision to do so was motivated by his serious medical condition/disability and/or perceived disability.

23. As a result of Defendant violating Plaintiff's rights as protected under the Americans with Disabilities Act, Plaintiff sustained damages including, but not limited to, lost pay and benefits, mental and emotional anguish, attorney fees and costs.

WHEREFORE, Plaintiff prays for judgment against Defendant, for reinstatement, for an award of lost wages and benefits, compensatory damages, attorney fees and costs incurred herein, and for all other appropriate relief.

**COUNT II**

25. Plaintiff incorporates by reference paragraphs 1 through 24 above.

26. Plaintiff exercised a statutory right by reporting a work-related injury and seeking compensation for that injury under Indiana's Workers' Compensation Statute.

27. Defendant contravened the Indiana Workers' Compensation Statute when it terminated Plaintiff in retaliation for exercising his statutory right to report a work-related injury and to seek compensation for that injury.

28. Plaintiff's termination, by Defendant, for reporting a work-related injury and making a claim for the same is contrary to public policy and actionable under Indiana common law.

29. As a result of Defendant's actions, Plaintiff has sustained damages including, but not limited to, lost wages and benefits, and attorney fees.

WHEREFORE, Plaintiff, Donald Arthur, by counsel, respectfully requests judgment against Defendant, Tube Processing Corp., in an amount sufficient to fairly and adequately compensate Mr. Arthur for his lost wages and benefits, injuries and damages, anguish, mental suffering, and damages, attorney fees and for all other relief just and proper in the premises.

Respectfully submitted,

HENN HAWORTH CUMMINGS

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22713-41

REQUEST FOR JURY TRIAL

Plaintiff, by counsel, requests that this matter be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS

/s/ Paul J. Cummings
David M. Henn, 18002-49
Paul J. Cummings, 22713-41

HENN HAWORTH CUMMINGS
625 North Madison Avenue – Suite A
Greenwood, Indiana 46142
317-885-0041
317-885-0506 Fax